# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>        Plaintiff,      )<br>v.                                   )<br>                                     )<br>DAVID QUY,                )<br>        Defendant.     ) | Case No. 19-CR-303-G |

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE SENTENCING DOCUMENTS

Pursuant to L.Cr.R. 12.1(f) and L.Cr.R. 32.2, the Defendant, David Quy, applies for an extension from June 15, 2020, to June 29, 2020, by which to file sentencing documents, including a Sentencing Memorandum and/or Motion for Variance and any mitigation letters. This motion is unopposed. In support, the Court is shown the Rule 12.1(f) factors:

1.    The Speedy Trial Act does not apply because the Defendant has pled guilty.

2.    The Final Presentence Investigation Report was submitted to the parties on June 1, 2020; thus, the Sentencing Memorandum and/or Motion for Variance is due 14 days later on June 15, 2020 (15 days because of the weekend), absent an extension.

3.    No previous extension of time for this deadline has been requested.

4. The delay resulting from the requested extension of two weeks will not impact the Speedy Trial Act because the Defendant pled guilty. *Supra.*

5. Counsel seeks an additional two weeks until June 29, 2020, to file the response to the PSR for the following reasons:

a. To continue researching and writing the Sentencing Memo and/or Motion for Variance because of the unique issues, the complexity of the case, and the volume of discovery.

b. To confirm certain historical facts and personal background if the defendant;

c. To ensure effective assistance of counsel and a constitutionally firm sentencing because sentencing is a critical part of the criminal process. "[S]entencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel." *Gardner v. Florida,* 430 U.S. 349, 358 (1977); *United States v. Youngpeter,* 145 F.3d 1347 (10th Cir. 1998). In fact, the Sixth Amendment right to effective counsel at sentencing was the key factor litigated in *Strickland v. Washington,* 466 U.S. 668, 669, 104 S. Ct. 2052, 2055, 80 L. Ed. 2d 674 (1984). "The right of persons charged with crime to be represented by counsel and the duty of the court to afford their counsel fair opportunity to

prepare for trial is, of course, too well settled." *Spevak v. United States*, 158 F.2d 594, 596 (4th Cir. 1946).

d. Without the additional time to file the sentencing documents, the Defendant will not have constitutionally effective counsel because counsel will have failed to present this sentencing information.

e. Counsel has five federal cases in which the PSRs have been issued. Four of the five are complex matters, including this one, and counsel attempts to treat each case and client individually; thus, individual research must be done for each case. Counsel has been juggling his time to produce the sentencing documents in the order the PSRs were received.

f. Counsel has had other matters pending and had court appearances and jail visits necessary as the federal grand jury is meeting this week and because the state courts have been having hearings the past three weeks in some courts. These matters, however, have had a limited effect on the completion of the sentencing documents. The complexity of this case and the receipt of five PSRs in short succession is the primary reason.

6. Defense counsel has conferred with the prosecutor, Scott Williams, who has no objection.

7. There will be no impact on any scheduled trial or deadlines other than the 14-day time to respond, as the defendant has pled guilty.

8. Counsel prays that the Court extend the time to respond by two weeks to ensure that Dr. Quy and his counsel can present the Court with all of the information necessary for presentation at sentencing.

9. This motion is made in good faith and not for dilatory purposes. Counsel is exercising due diligence and seeks to represent the Defendant appropriately.

## PRAYER

WHEREFORE, Defendant David Quy, through counsel, requests a 14-day extension of the time by which to file his sentencing documents—extending the date from June 15 to June 29, 2020.

Respectfully submitted,

*s/ Robert L. Wyatt, IV*
Robert L. Wyatt, IV, OBA No. 13154
WYATT LAW OFFICE
501 N. Walker Avenue, Suite 110
Oklahoma City, OK 73101
(405) 234-5500 Telephone
E-mail: bobwyatt@wyattlaw.com
*Attorney for David Quy*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 15, 2020, a true and correct copy of the foregoing Motion was sent via this court's electronic court filing system to:

     Scott Williams, AUSA, for the Government

and all other ECF registrants appearing in this case. At this time, the defendant is unaware of any non-ECF registrants that are parties to this case.

                                        *s/ Robert L. Wyatt, IV*